11-3537-cv
Cohen v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

-------------------------------------------------------------------

MARCIA COHEN,
*Plaintiff-Appellant*,

v.                                      No. 11-3537-cv

STATE OF NEW YORK, NEW YORK DEPARTMENT OF TAXATION, NEW YORK COMMISSION ON JUDICIAL CONDUCT, COLUMBIA COUNTY, NEW YORK, COLUMBIA COUNTY BOARD OF SUPERVISORS, COLUMBIA COUNTY ATTORNEY,
*Defendants-Appellees*.[*]

-------------------------------------------------------------------

FOR APPELLANT:          Marcia Cohen, *pro se*, Pittsfield, Massachusetts.

FOR APPELLEES:          Victor Paladino, Denise A. Hartman, Assistant Solicitors General, Barbara D. Underwood, Solicitor General, *on behalf of*

---

[*] The Clerk of Court is respectfully directed to amend the caption as shown above.

Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, *for* State of New York, Department of Taxation, Commission on Judicial Conduct.

Barrett D. Mack, Assistant County Attorney, *on behalf of* Robert J. Fitzsimmons, Columbia County Attorney, Hudson, New York, *for* Columbia County, Columbia County Board of Supervisors, Columbia County Attorney.

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 11, 2011, is AFFIRMED.

Marcia Cohen appeals pro se from the dismissal of her claims against New York State, as well as various state and local authorities, for alleged constitutional injuries sustained in the course of her state divorce proceedings. We review de novo the challenged dismissals for lack of subject matter jurisdiction and failure to state a claim, see Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997), affording plaintiff's pro se submissions a "liberal reading," Dotson v. Griesa, 398 F.3d 156, 159 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm, a conclusion we reach for substantially the same reasons set forth by the district court in its well-reasoned Memorandum Decision.

At the outset, we note that Cohen has forfeited any claims against the Columbia County defendants by failing to argue those claims on appeal. See Gross v. Rell, 585 F.3d 72, 95 (2d Cir. 2009). As to the remaining defendants, Cohen primarily submits that fraud

2

perpetrated on the divorce court, including the submission of "usurious" figures in connection with a foreclosure, voided the proceedings. This fraud claim is meritless, given that the "usurious" figures she references were corrected. In any event, Cohen's claim for alleged injuries resulting from "unlawful" state foreclosure is barred from district court review by the Rooker-Feldman doctrine, as is the claim that Cohen was denied due process by the court's denial of her request for a divorce. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (explaining that Rooker-Feldman doctrine bars "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments'" (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005))).

To the extent Cohen asserts an "independent claim" of fraud that was "never litigated" previously, the alleged perpetrators are not parties to the action and, in any event, Cohen's assertions of fraud do not overcome the sovereign immunity that otherwise precludes her claims against the State of New York and its Department of Taxation and Commission on Judicial Conduct. See In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007) (listing exceptions to sovereign immunity afforded agencies and arms of New York State).

Finally, because Cohen did not present a recusal claim in her amended complaint, raising it only in her opposition to the motion to dismiss, the district court was not required to consider it. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). In any

event, Cohen fails to allege the "extreme facts" necessary to support a claim of judicial bias that "rises to an unconstitutional level." Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 886–87 (2009).

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court